LEWIS & LLEWELLYN LLP
Paul T. Llewellyn (Bar No. 216887)
pllewellyn@lewisllewellyn.com
Tobias Snyder (Bar No. 289095)
tsnyder@lewisllewellyn.com
601 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone:   (415) 800-0590

Attorneys for Plaintiff
TOP AGENT NETWORK, INC.

COOLEY LLP
Ethan Glass (Bar No. 216159)
eglass@cooley.com
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2431
Telephone:   (202) 776-2244

Attorneys for Defendants
NATIONAL ASSOCIATION OF REALTORS
and SAN FRANCISCO ASSOCIATION OF
REALTORS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOP AGENT NETWORK, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>NATIONAL ASSOCIATION OF REALTORS;<br>SAN FRANCISCO ASSOCIATION OF<br>REALTORS,<br><br>  Defendants. | Case No. 3:20-cv-03198-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   April 18, 2024<br>Time:   2:00 p.m.<br>Judge:   Hon. Vince Chhabria<br><br>**VIA ZOOM**<br><br>Complaint Filed: May 11, 2020 |

Pursuant to Fed. R. Civ. P. 26, and Civil L.R. 16-9, Plaintiff Top Agent Network, Inc. ("TAN" or "Plaintiff") and Defendants San Francisco Association of Realtors ("SFAR") and National Association of Realtors ("NAR") (collectively with TAN, the "Parties") have conferred and respectfully submit this Joint Case Management Statement. The Parties certify that their respective lead trial counsel have met and conferred for the preparation of this statement as required by Civil L.R. 16-3.

## I. JURISDICTION & SERVICE

This Court has subject matter jurisdiction under 28 U.S.C. § 1337 (commerce and antitrust regulation) and 28 U.S.C. § 1331 (federal question), as this action arises under Section 1 of the Sherman Act, 15 U.S.C. § 1.

There are no present disputes relating to venue or jurisdiction, and all parties have been served.

## II. FACTS

This action arises from the NAR's adoption of a rule, called the Clear Cooperation Policy ("CCP"), which provides "Within one (1) business day of marketing a property to the public, the listing broker must submit the listing to the MLS for cooperation with other MLS participants." TAN alleges that the CCP is an anticompetitive restraint that has caused TAN injury. Defendants deny this.

The principal factual issues include the impact, if any, of the CCP in relevant markets, including any injury to competition; the impact of the CCP on TAN's revenues and ability to compete; and whether the CCP is subject to procompetitive justifications.

## III. LEGAL ISSUES

The Parties dispute whether the allegations of TAN's Third Amended Complaint state a valid claim for relief under the Sherman Act, including in particular whether the allegations are accurate, complete, or sufficient to support a finding of antitrust injury and anticompetitive behavior by NAR.

## IV. MOTIONS

Defendants filed motions to dismiss TAN's First, Second and Third Amended Complaints. Each of these motions was granted. The Court's most recent dismissal order was recently vacated and remanded by the Ninth Circuit Court of Appeals for reconsideration under a Ninth Circuit decision, *The PLS.Com, LLC v. NAR*, No. 21-55164 (9th Cir. 2022) ("*PLS*"), that post-dated this Court's Order. There are no other pending motions.

## V. AMENDMENT OF PLEADINGS

Each party reserves the right to move to amend its pleadings as permitted under the Federal Rules of Civil Procedure.

## VI. EVIDENCE PRESERVATION

The Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## VII. DISCLOSURES

No initial disclosures have been exchanged.

Plaintiff proposes that initial disclosures be exchanged on **May 16, 2024**.

Defendants propose that initial disclosures are unnecessary, or at least premature, since the Ninth Circuit decision in *PLS* does not impact this Court's dismissal of TAN's claims.

## VIII. DISCOVERY

The Parties have not yet exchanged any discovery in the present action.

The Parties dispute whether discovery even is ripe, as the Parties dispute the impact of the Ninth Circuit's decision and the process they would seek for the Court to resolve that (i.e., whether there should be supplemental briefing).

Plaintiff intends to pursue discovery on topics including, but not limited to: (1) NAR's creation of and motivations for the implantation and adoption of the CCP; (2) NAR's understanding and analysis, before and after implementation, of the competitive effects of the CCP; (3) the CCP's impact on the market for property listing services, associational memberships, and the residential

real estate market; (4) NAR's communications relating to the CCP, internally, to members, and to real estate professionals; (5) NAR's ability and authority to control the behavior of NAR members and affiliates; (6) the costs associated with listing properties on the MLS; (7) NAR's communications and documents relating to TAN and other listing services; (8) the relevant markets subject to the CCP; (9) NAR attempts to control or coerce agent behavior; (10) NAR's income from MLS and membership fees; (11) the impact of the CCP on TAN and other market participants; and (12) the damage to TAN resulting from the CCP.

Defendants contend discovery is unnecessary, or at least premature, since the Ninth Circuit decision in *PLS* does not impact this Court's dismissal of TAN's claims.

The Parties do not presently have any disputes related to privilege. The Parties have not yet met or conferred regarding a stipulated proposed protective order. The Parties have not yet met or conferred regarding a proposed discovery plan.

The Parties do not have any discovery disputes ripe for submission to the Court at this time. To the extent any discovery disputes arise, the Parties will address such disputes in accordance with the governing federal and local rules, and pursuant to any orders issued by the Court.

**IX.     CLASS ACTIONS**

This is not a class action lawsuit.

**X.      RELATED CASES**

There are no directly related cases. However, the matter *PLS.Com, LLC v. National Association of Realtors, et al.*, No. 2:20-cv-04790-JWH-RAO (C.D. Cal.) also involves a plaintiff raising antitrust allegations against NAR (and others) relating to the CCP.

Plaintiff also believes that a recently announced settlement agreement, following a $1.8 billion jury verdict *Burnett v. National Association of REALTORS® et al.*, No. 4:19-cv-00332 (W.D. Mo.) may impact this case. *Burnett* also involves NAR's conduct with regard to attempts to regulate off-MLS activity.

Plaintiff further believes this case may be impacted by a recent ruling by the District of Columbia Circuit relating to *National Association of Realtors v. United States of America, et al.* No. 1:21-cv-02406 (D. D.C.). The Court of Appeals held that the United States Department of Justice

was not precluded by a prior consent agreement with NAR from investigating and taking enforcement action against NAR relating to the Clear Cooperation Policy. The Department of Justice filed an amicus brief in support of TAN when this matter was before the Ninth Circuit.

Defendants contend that the jury decision in *Burnett v. National Association of REALTORS® et al*, No. 4:19-cv-00332 (W.D. Mo) and the D.C. Circuit's decision in *National Association of Realtors v. United States of America, et al.* No. 1:21-cv-02406 (D. D.C.) covered different issues than this case and are unrelated to this Court's dismissal of TAN's claims.

**XI.    RELIEF**

Plaintiff seeks injunctive relief rescinding or modifying the CCP. Plaintiff also seeks monetary damages, to be trebled under the Sherman Act, equal to its lost potential revenue resulting from promulgation of the CCP. Defendants deny Plaintiff is entitled to any relief.

**XII.   SETTLEMENT AND ADR**

Plaintiff is willing to participate in mediation or other structured settlement discussions.

**XIII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The Parties have not consented to having a Magistrate Judge conduct all further proceedings including trial and entry of judgment.

**XIV.   OTHER REFERENCES**

The Parties do not believe that special procedures, such as a reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation, are warranted at this time.

**XV.    NARROWING OF ISSUES**

The Parties are not aware of any issues for narrowing at this time.

**XVI.   EXPEDITED TRIAL PROCEDURE**

The Parties do not believe this case is appropriate for an expedited schedule through the procedures set forth by General Order No. 64.

**XVII.  SCHEDULING**

Plaintiff proposes the schedule provided in **Exhibit A**.

Defendants object to the schedule provided by Plaintiff in Exhibit A, and instead request the Court set a briefing schedule on the impact, if any, of the Ninth Circuit's decision in *PLS* on this

Court's dismissal. Defendants request simultaneous brief of no more than 5 pages each to be submitted within 30 days of the Case Management Conference. If the Court were to set a further schedule, Defendants contend that the deadlines requested by TAN are unreasonable and shorter than similar cases.

## XVIII. TRIAL

Plaintiff has requested trial before a jury. Plaintiff estimates that trial will last approximately 10 days. Defendants believe it is too early to represent a likely trial length to the Court, particularly before the Parties have briefed, and the Court has decided, the applicability of the intervening decision that caused the Ninth Circuit to remand for consideration.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

## XX. PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. OTHER

None.

Dated: April 11, 2024        LEWIS & LLEWELLYN LLP

By: /s/ Paul T. Llewellyn
Paul T. Llewellyn
Tobias G. Snyder
*Attorneys for Plaintiff*
*Top Agent Network, Inc.*

Dated: April 11, 2024        COOLEY LLP

By: /s/ Ethan Glass
Ethan Glass
*Attorneys for Defendants*
*National Association of REALTORS®, and*
*San Francisco Association of REALTORS®*

## EXHIBIT A – Plaintiff's Proposed Schedule

| Event | Proposed Date |
|---|---|
| Initial Disclosures | May 16, 2024 |
| Fact Discovery Cutoff | December 9, 2024 |
| Opening Expert Reports | January 6, 2025 |
| Rebuttal Expert Reports | March 17, 2025 |
| Expert Discovery Cutoff | April 14, 2025 |
| MSJ and *Daubert* Motions Due | April 28, 2025 |
| Last Day to Hear MSJ, *Daubert* Motions | June 16, 2025 |
| Joint Pre-Trial Statement | August 18, 2025 |
| Final Pre-Trial Conference | September 15, 2025 |
| Trial | October 6, 2025 |

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this joint case management statement has been obtained from each signatory herein.

Dated: April 11, 2024                    LEWIS & LLEWELLYN LLP

                                         By:  */s/ Paul T. Llewellyn*
                                              Paul T. Llewellyn