COOLEY LLP
Ethan Glass (Bar No. 216159)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Tel: (202) 776-2244
Fax: (202) 842-7899
Email: eglass@cooley.com

QUINN EMANUEL URQUHART & SULLIVAN, LLP
William A. Burck (*admitted pro hac vice*)
Michael D. Bonanno (*admitted pro hac vice*)
1300 I St. NW, Suite 900
Washington, District of Columbia 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
Email: williamburck@quinnemanuel.com
Email: mikebonanno@quinnemanuel.com

*Attorneys for Defendants*
*National Association of REALTORS® and*
*San Francisco Association of REALTORS®*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| TOP AGENT NETWORK, INC., <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL ASSOCIATION OF REALTORS and SAN FRANCISCO ASSOCIATION OF REALTORS, <br><br> Defendants. | Case No. 3:20-cv-03198-VC <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION** <br><br> DATE: JULY 18, 2024 <br> TIME: 10:00 A.M. <br> LOCATION: SAN FRANCISCO COURTHOUSE, COURTROOM 4 – 17TH FLOOR <br><br> COMPLAINT FILED: MAY 11, 2020 <br><br> HON. JUDGE VINCE CHHABRIA |

Defendants respectfully request that the Court deny Top Agent Network's motion for reconsideration based on the Ninth Circuit's decision in *PLS.com, LLC v. Nat'l Ass'n of Realtors*, 32 F.4th 824 (9th Cir. 2022), ECF 113, because this Court's dismissal of the Third Amended Complaint was premised on TAN's fundamentally anticompetitive business model, which was not addressed or disturbed by the Ninth Circuit's *PLS.com* decision.

This Court held, based on the allegations in the complaint, that NAR's Clear Cooperation Policy "is not anticompetitive to the extent that it prevents members of an exclusive listing service like TAN from concealing listings from NAR's subscribers while simultaneously benefitting from access to NAR's service." *Top Agent Network, Inc. v. Nat'l Ass'n of Realtors*, 554 F. Supp. 3d 1024, 1026 (N.D. Cal. 2021); *see also id*. at 1034 ("Ultimately, when the allegations in the complaint show that the plaintiff's desired business model is harmful to competition, injury resulting from the aspect of a competitor's practice that interferes with that business model cannot be antitrust injury."). Specifically, this Court relied on TAN's complaint, in which "TAN describes itself as an exclusive listing service for elite real estate agents—a service that intentionally screens out everyone else," and distinguished it from a listing service "equally open to all licensed agents," *id.* at 1034-35, which is how the Ninth Circuit described PLS. *PLS.com*, 32 F.4th at 830 ("PLS was open to any agent who wished to join . . . ."). That distinction between TAN and PLS was central to this Court's dismissal of TAN's case, and renders the Ninth Circuit's *PLS* decision inapposite.

Despite this Court's unambiguous decision, TAN makes two arguments to stretch *PLS.com* to revive its case, but neither provides a basis for this Court to reconsider its prior decision.

*First*, TAN argues that because this Court's decision and PLS both addressed the same element of a Section 1 case (antitrust injury), the Ninth's Circuit's decision in *PLS* overruled and rejected the Court's reasoning. ECF 113 at 13-14. That is wrong. This Court's decision was based on distinct allegations in TAN's complaint that were not present in the PLS complaint or addressed by the Ninth Circuit. TAN also quotes an out of context statement from the *PLS.com* decision to argue that a court should not balance the procompetitive benefits versus anticompetitive effects at the motion to dismiss stage (*id.* at 13), but that is irrelevant because this Court did not undertake

1  such a balancing exercise. Instead, the Court simply found that NAR's policy as applied to TAN
2  did not harm competition in the first place.

3  Contrary to TAN's contentions, this Court's analysis is consistent with the *PLS* decision.
4  This Court expressly suggested that PLS would have antitrust injury: "[t]o the extent that other
5  alternative listing services (particularly ones that allow any licensed agent to join or subscribe)
6  might plausibly be unable to stay afloat under the Policy, it would seem to be harming competition.
7  All of that could conceivably be enough to plead a Sherman Act Section 1 claim." *Top Agent*
8  *Network*, 554 F. Supp. 3d at 1032. And then this Court distinguished that fact pattern, and the
9  Central District's dismissal of the PLS complaint, by citing the lower court's decision with a "but
10 see" signal. *See id.* (following the previous statement with this citation: "*But see ThePLS.com,*
11 *LLC v. The National Association of Realtors*, 516 F. Supp. 3d 1047, 1059-61 (C.D. Cal. 2021)
12 (appeal pending) (finding that another private listing service had not alleged a plausible injury to
13 consumers)."). Thus, this Court correctly anticipated that the Ninth Circuit would reverse in
14 *PLS.com*, and it expressly distinguished its decision in this case based on the specific allegations in
15 TAN's complaint.

16 *Second*, going beyond the *PLS.com* decision, TAN incorrectly argues that there are other
17 reasons this Court should reconsider its prior order. ECF 113 at 11-17. Defendants object to these
18 arguments because they are procedurally improper and have been waived. TAN did not seek
19 reconsideration based on these arguments before appealing this Court's dismissal years ago, and
20 this Court only granted TAN leave to file a motion for reconsideration based on the Ninth Circuit's
21 remand for this Court to consider its *PLS.com* decision. *See* ECF 99. Moreover, even if they were
22 timely, these arguments fail to meet the high reconsideration standard. *See Kona Enters., Inc. v.*
23 *Est. of Bishop*, 229 F.3d 877, 891 (9th Cir. 2000) (holding that reconsideration is an "extraordinary
24 remedy, to be used sparingly in the interests of finality and conservation of judicial resources")
25 (citation omitted). Regardless, TAN's reliance on *Flaa v. Hollywood Foreign Press Ass'n*, 55 F.4th
26 680 (9th Cir. 2022) is entirely misplaced as the Court did not rely on the belief TAN was violating
27 the Sherman Act when finding no antitrust injury. Similarly, this Court did *not* hold that TAN was
28 prohibited from bringing a case because of "unethical, immoral, or unlawful conduct," the argument

COOLEY LLP
ATTORNEYS AT LAW

addressed by *Fashion Originators' Guild v. FTC*, 312 U.S. 457, 468 (1941), and its progeny. *See* ECF 113 at 16. This Court instead held that TAN could not allege antitrust injury because, "to the extent the [NAR] Policy prevents an exclusive network like TAN from operating the way it seeks to operate, it is not harmful to competition, even assuming the truth of the complaint's well-pled allegations." *Top Agent Network*, 554 F. Supp. 3d at 1033; *see id*. at 1031 ("One helpful rule is that an injury can never be an antitrust injury if it flows from an aspect of the defendant's activity that actually benefits competition." (citing *Pool Water Prods. v. Olin Corp.*, 258 F.3d 1024, 1034 (9th Cir. 2001) (citing *Rebel Oil Co. v. ARCO*, 51 F.3d 1421, 1433 (9th Cir. 1995))). As this Court correctly found, NAR's policy, *as applied to TAN*, increased competition, which was a faithful application of precedent to the allegations in TAN's complaint.

For the foregoing reasons, Defendants respectfully request this Court deny TAN's Motion.

Dated: May 23, 2024

Respectfully submitted,

COOLEY LLP

By: */s/ Ethan Glass*

Ethan Glass (Bar No. 216159)
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
(202) 776-2244
Fax: (202) 842-7899
Email: eglass@cooley.com

William A. Burck (*admitted pro hac vice*)
Michael D. Bonanno (*admitted pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I St. NW, Suite 900
Washington, District of Columbia 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
Email: williamburck@quinnemanuel.com
Email: mikebonanno@quinnemanuel.com

*Attorneys for Defendants
National Association of REALTORS® and
San Francisco Association of REALTORS®*