| | |
|---|---|
| LEWIS & LLEWELLYN LLP<br>Paul T. Llewellyn (Bar No. 216887)<br>pllewellyn@lewisllewellyn.com<br>Tobias Snyder (Bar No. 289095)<br>tsnyder@lewisllewellyn.com<br>601 Montgomery Street, Suite 2000<br>San Francisco, California 94111<br>Telephone: (415) 800-0590<br>Facsimile: (415) 390-2127<br><br>*Attorneys for Plaintiff*<br>*Top Agent Network, Inc.* | COOLEY LLP<br>Ethan Glass (Bar No. 216159)<br>Georgina Inglis (*admitted pro hac vice*)<br>1299 Pennsylvania Avenue, NW, Suite 700<br>Washington, DC 20004-2400<br>Tel: (202) 776-2244<br>Fax: (202) 842-7899<br>Email: eglass@cooley.com<br>Email: ginglis@cooley.com<br><br>Beatriz Meija (Bar No. 190948)<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111-4004<br>Tel: (415) 693-2000<br>Fax: (415) 693-2222<br>Email: MEJIAB@cooley.com<br><br>Samantha A. Strauss (Bar No. 301406)<br>110 N. Wacker Dr., Suite 4200<br>Chicago, IL 60606<br>Tel: (312) 881-6500<br>Fax: (312) 881-6598<br>Email: sastrauss@cooley.com<br><br>*Attorneys for Defendants*<br>*National Association of REALTORS® and*<br>*San Francisco Association of REALTORS®* |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| TOP AGENT NETWORK, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL ASSOCIATION OF REALTORS and SAN FRANCISCO ASSOCIATION OF REALTORS,<br><br>    Defendants. | Case No. 3:20-cv-03198-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>DATE: AUGUST 30, 2024<br>TIME: 10:00 A.M.<br>LOCATION: SAN FRANCISCO COURTHOUSE,<br>    COURTROOM 4 – 17TH FLOOR<br><br>COMPLAINT FILED: MAY 11, 2020<br><br>HON. JUDGE VINCE CHHABRIA |

Pursuant to the Court's Order (Dkt. 101) and ADR Deadlines, Fed. R. Civ. P. 26, and Civil L.R. 16-9, Plaintiff Top Agent Network, Inc. ("TAN" or "Plaintiff") and Defendants San Francisco Association of REALTORS® ("SFAR") and National Association of REALTORS® ("NAR") (collectively with TAN, the "Parties") have conferred and respectfully submit this Joint Case Management Statement. The Parties certify that their respective lead trial counsel have met and conferred for the preparation of this statement as required by Civil L.R. 16-3.

## I. JURISDICTION & SERVICE

This Court has subject matter jurisdiction under 28 U.S.C. § 1337 (commerce and antitrust regulation) and 28 U.S.C. § 1331 (federal question), as this action arises under Section 1 of the Sherman Act, 15 U.S.C. § 1.

There are no present disputes relating to venue or jurisdiction, and all parties have been served.

## II. FACTS

This action arises from the NAR's adoption of a rule, called the Clear Cooperation Policy ("CCP"), which provides "Within one (1) business day of marketing a property to the public, the listing broker must submit the listing to the MLS for cooperation with other MLS participants." TAN alleges that the CCP is an anticompetitive restraint that has caused TAN injury. Defendants deny this.

The principle factual issues include the impact of the CCP in relevant markets, including any injury to competition; the impact of the CCP on TAN's revenues and ability to compete; and whether the CCP is subject to procompetitive justifications.

## III. LEGAL ISSUES

The Parties dispute whether the allegations of TAN's Third Amended Complaint state a valid claim for relief under the Sherman Act, including in particular whether the allegations are accurate, complete, or sufficient to support a finding of antitrust injury and anticompetitive behavior by NAR.

## IV. MOTIONS

There are no pending motions.

## V. AMENDMENT OF PLEADINGS

Each party reserves the right to move to amend its pleadings as permitted under the Federal Rules of Civil Procedure.

## VI. EVIDENCE PRESERVATION

The Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## VII. DISCLOSURES

No initial disclosures have been exchanged.

Plaintiff proposes initial disclosures be exchanged on **September 30, 2024**.

Defendants propose initial disclosures to be exchanged on **September 30, 2024**.

## VIII. DISCOVERY

Plaintiff has served a Rule 30(b)(6) deposition notice on Defendant.

The Parties do not presently have any disputes related to privilege. The Parties have not yet met or conferred regarding a stipulated proposed protective order. The Parties have not yet met or conferred regarding a proposed discovery plan.

The Parties do not have any discovery disputes ripe for submission to the Court at this time. To the extent any discovery disputes arise, the Parties will address such disputes in accordance with the governing federal and local rules, and pursuant to any orders issued by the Court.

## IX. CLASS ACTIONS

This is not a class action lawsuit.

## X. RELATED CASES

There are no related cases. However, while not a related case, the matter *PLS.Com, LLC v. National Association of Realtors, et al.*, No. 2:20-cv-04790-JWH-RAO (C.D. Cal.) also involves a plaintiff raising antitrust allegations against NAR (and others) relating to the CCP.

## XI. RELIEF

Plaintiff seeks injunctive relief rescinding or modifying the CCP. Plaintiff also seeks

1  monetary damages, to be trebled under the Sherman Act, equal to its lost potential revenue resulting
2  from promulgation of the CCP. Defendants deny Plaintiff is entitled to any relief.

### XII. SETTLEMENT AND ADR

The Parties are open to discussion of settlement. Plaintiff is open to considering methods for alternative dispute resolution. Defendants are open to considering methods for alternative dispute resolution after the Court resolves dispositive motions.

### XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The Parties have not consented to having a Magistrate Judge conduct all further proceedings including trial and entry of judgment.

### XIV. OTHER REFERENCES

The Parties do not believe that special procedures, such as a reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation, are warranted at this time.

### XV. NARROWING OF ISSUES

The Parties are not aware of any issues for narrowing at this time.

### XVI. EXPEDITED TRIAL PROCEDURE

The Parties do not believe this case is appropriate for an expedited schedule through the procedures set forth by General Order No. 64.

### XVII. SCHEDULING

Plaintiff's proposed schedule is attached as Exhibit A. Defendants' proposed schedule is attached as Exhibit B.

### XVIII. TRIAL

Plaintiff has requested trial before a jury. Plaintiff estimates that trial will last approximately 10 days. Defendants believe it is too early in this litigation to provide an estimate on the length of trial.

### XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

XX. **PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

XXI. **OTHER**

None.

Dated: August 30, 2024                    LEWIS & LLEWELLYN LLP

By: */s/ Tobias G. Snyder*
    Paul T. Llewellyn
    Tobias G. Snyder

*Attorneys for Plaintiff*
*Top Agent Network, Inc.*

Dated: August 30, 2024                    COOLEY LLP

By: */s/ Ethan Glass*
    Ethan Glass (Bar No. 216159)
    Beatriz Meija (Bar No. 190948)
    Samantha A. Strauss (Bar No. 301406)
    Georgina Inglis (*admitted pro hac vice*)

*Attorneys for Defendants*
*National Association of REALTORS® and*
*San Francisco Association of REALTORS®*

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this joint case management statement has been obtained from each signatory herein.

Dated: August 30, 2024                    By: */s/ Ethan Glass*
                                               Ethan Glass

**EXHIBIT A – Plaintiff's Proposed Schedule**

| Event | Proposed Date |
|---|---|
| Initial Disclosures | September 30, 2024 |
| Fact Discovery Cutoff | February 28, 2025 |
| Opening Expert Reports | March 12, 2025 |
| Rebuttal Expert Reports | May 30, 2025 |
| Expert Discovery Cutoff | June 27, 2025 |
| MSJ and *Daubert* Motions Due | July 11, 2025 |
| Last Day to Hear MSJ, *Daubert* Motions | August 22, 2025 |
| Joint Pre-Trial Statement | September 3, 2025 |
| Final Pre-Trial Conference | October 10, 2025 |
| Trial | November 3, 2025 |

# EXHIBIT B – Defendants' Proposed Schedule

| Event | Proposed Date |
|---|---|
| Initial Disclosures | September 30, 2024 |
| Fact Discovery Cutoff | April 11, 2025 |
| Opening Expert Reports | May 12, 2025 |
| Rebuttal Expert Reports | July 14, 2025 |
| Expert Discovery Cutoff | August 15, 2025 |
| MSJ and *Daubert* Motions Due | September 14, 2025 |
| Last Day to Hear MSJ, *Daubert* Motions | November 11, 2025 |
| Joint Pre-Trial Statement | January 10, 2026 |
| Final Pre-Trial Conference | February 6, 2026 |
| Trial | February 20, 2026 |