COOLEY LLP
Ethan Glass (Bar No. 216159)
Georgina Inglis (*admitted pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Tel: (202) 776-2244
Fax: (202) 842-7899
Email: eglass@cooley.com
Email: ginglis@cooley.com

Beatriz Mejia (Bar No. 190948)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Tel: (415) 693-2000
Fax: (415) 693-2222
Email: MEJIAB@cooley.com

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
William A. Burck (*admitted pro hac vice*)
Michael D. Bonanno (*admitted pro hac vice*)
1300 I St. NW, Suite 900
Washington, District of Columbia 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
Email: williamburck@quinnemanuel.com
Email: mikebonanno@quinnemanuel.com

*[Additional attorneys listed in signature block]*

*Attorneys for Defendant*
*National Association of REALTORS®*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| TOP AGENT NETWORK, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NATIONAL ASSOCIATION OF REALTORS,<br><br>　　　　　Defendant. | Case No. 3:20-cv-03198-VC<br><br>**DEFENDANT NATIONAL ASSOCIATION OF REALTORS'® ANSWER TO THE FOURTH AMENDED COMPLAINT**<br><br>HON. JUDGE VINCE CHHABRIA<br><br>FOURTH AMENDED COMPLAINT FILED: OCTOBER 1, 2024 |

Defendant National Association of REALTORS® ("NAR") answers the fourth amended complaint of Plaintiff Top Agent Network, Inc., ("TAN") as follows, denying any allegations not specifically admitted, including in footnotes, and denying all of the headings to the extend they are considered allegations:

## RESPONSE TO SPECIFIC ALLEGATIONS

### INTRODUCTION

1.      NAR denies the allegations in Paragraph 1.

2.      NAR admits that it is a trade association; that its members are known as REALTORS®, which include residential and commercial brokers, salespeople, property managers, appraisers, counselors, and others engaged in the real estate industry; that its members belong to one or more of approximately 1,200 local associations or boards and/or 54 state and territory associations of REALTORS® which are separate business entities from NAR and operate independently; and that NAR represents approximately 1.5 million members. NAR otherwise denies the allegations in Paragraph 2.

3.      NAR admits that Multiple Listing Services ("MLSs") offer information about homes for sale. NAR admits that certain MLSs are wholly owned by local REALTOR® Associations, which are separate business entities from NAR that operate independently. NAR otherwise denies the allegations in Paragraph 3.

4.      NAR denies the allegations in Paragraph 4.

5.      NAR admits that most home sellers prefer to market through the MLS—which generally puts a listing before the most eyeballs the fastest—and that some sellers sell their properties off of the MLS. NAR otherwise denies the allegations in Paragraph 5.

6.      NAR admits that Paragraph 6 purports to quote data published by NAR. NAR otherwise currently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies them.

7.      NAR denies the allegations in Paragraph 7.

8.     NAR denies the allegations in Paragraph 8 concerning NAR. NAR otherwise currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 8 and therefore denies them.

9.     NAR denies the allegations in Paragraph 9 concerning NAR. NAR otherwise currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 9 and therefore denies them.

10.     NAR admits that Paragraph 10 purports to describe portions of its Handbook on Multiple Listing Policy. NAR otherwise denies the allegations in Paragraph 10.

11.     NAR denies the allegations in Paragraph 11.

12.     NAR admits that the Clear Cooperation Policy benefits consumers, including because it benefits competition, increases access to listings, increases sales, and promotes transparency, efficiency, and timeliness and accuracy of listing information. NAR otherwise denies the allegations in Paragraph 12.

13.     NAR denies the allegations in Paragraph 13.

14.     NAR admits that MLSs which were wholly owned and operated by local REALTOR® Associations were required to adopt the Clear Cooperation Policy by May 1, 2020 to continue receiving NAR's insurance, as noted by footnote * in the Handbook on Multiple Listing Policy. NAR otherwise denies the allegations in Paragraph 14.

15.     NAR denies the allegations in Paragraph 15 concerning NAR. NAR otherwise currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 15 and therefore denies them.

16.     NAR denies the allegations in Paragraph 16.

17.     NAR denies the allegations in Paragraph 17.

18.     NAR denies the allegations in Paragraph 18.

19.     NAR denies the allegations in Paragraph 19.

### THE PARTIES

20.     NAR currently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies them.

21.     NAR admits that it is a trade association headquartered in Chicago, Illinois and that its over 1.5 million members include certain members who transact business in California. NAR also admits that the 2019 REALTORS® Conference & Expo took place in San Francisco. NAR otherwise denies the allegations in Paragraph 21.

## JURISDICTION AND VENUE

22.     In exchange for dismissing San Francisco Association of REALTORS®, NAR agreed not contest jurisdiction in this case. NAR otherwise denies the allegations in Paragraph 22.

23.     In exchange for dismissing San Francisco Association of REALTORS®, NAR agreed not contest jurisdiction in this case. NAR otherwise denies the allegations in Paragraph 23.

24.     In exchange for dismissing San Francisco Association of REALTORS®, NAR agreed not contest venue in this case. NAR otherwise denies the allegations in Paragraph 24.

25.     In exchange for dismissing San Francisco Association of REALTORS®, NAR agreed not contest jurisdiction in this case. NAR otherwise denies the allegations in Paragraph 25.

## INTERSTATE COMMERCE

26.     NAR denies the allegations in Paragraph 26.

## FACTUAL BACKGROUND

I.     **THE RESIDENTIAL REAL ESTATE MARKET, BROKER SERVICES, AND PROPERTY LISTING SERVICES.**

A.     **The Markets for Residential Real Estate and Broker Services.**

27.     NAR currently lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 or footnote 1 and therefore denies them.

28.     NAR admits that Paragraph 28 purports to cite data published by NAR about then-existing home sales in 2019. NAR otherwise currently lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies them.

29.     NAR admits that Paragraph 29 purports to cite data published by NAR. NAR otherwise currently lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies them.

1    30.    NAR admits that licensed real estate agents provide a variety of services to buyers

2    and sellers, including the services described in the third and fourth sentences of Paragraph 30. NAR

3    otherwise denies the allegations in Paragraph 30.

4    31.    NAR admits that licensed real estate agents can be compensated for their services

5    through a negotiated commission. NAR otherwise denies the allegations in Paragraph 31.

6    32.    NAR admits that real estate agents can earn income through commissions. NAR

7    otherwise denies the allegations in Paragraph 32.

8    33.    NAR denies the allegations in Paragraph 33.

9    34.    NAR admits that state licensing laws regulate who can represent sellers and buyers

10    in real estate transactions. NAR otherwise denies the allegations in Paragraph 34.

11    35.    NAR admits that Paragraph 35 purports to cite data published by NAR. NAR

12    otherwise denies the allegations in Paragraph 35.

13    36.    NAR admits that Paragraph 36 purports to cite data published by NAR. NAR

14    otherwise denies the allegations in Paragraph 36.

15    **B.    Multiple Listing Services.**

16    37.    NAR admits that, in the late 1800s, real estate brokers regularly gathered at the

17    offices of their local associations to share information about properties they were trying to sell.

18    NAR further admits that MLSs are private databases that are created by real estate professionals to

19    help their clients buy and sell property. NAR otherwise denies the allegations in Paragraph 37.

20    38.    NAR denies the allegations in Paragraph 38.

21    39.    NAR admits that Paragraph 39 and footnote 2 purport to cite data published by NAR

22    in 2019. NAR otherwise currently lacks knowledge or information sufficient to form a belief as to

23    the truth of the allegations in Paragraph 39 and footnote 2 and therefore denies them.

24    40.    NAR currently lacks knowledge or information sufficient to form a belief as to the

25    truth of the allegations in Paragraph 40 and therefore denies them.

26    41.    NAR admits that Paragraph 41 and footnotes 3-5 purport to quote the referenced

27    opinion and United States Department of Justice and Federal Trade Commission report. NAR

28    otherwise denies the allegations in Paragraph 41.

42.    NAR denies the allegations in Paragraph 42 concerning NAR. NAR otherwise currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 42 and therefore denies them.

43.    NAR admits that Paragraph 43 and footnote 6 purport to cite a United States Department of Justice and Federal Trade Commission report. NAR otherwise denies the allegations in Paragraph 43.

**C.    NAR and its affiliates.**

44.    NAR admits that it is a trade organization of real estate professionals, founded in 1908, with over 1.5 million members and that its members belong to one or more of approximately 1,200 local associations/boards and 54 state and territory associations of REALTORS®, which are separate business entities from NAR and operate independently. NAR otherwise denies the allegations in Paragraph 44.

45.    NAR admits that it is a trade organization of real estate professionals with over 1.5 million members and that its members belong to one or more of approximately 1,200 local associations/boards and 54 state and territory associations of REALTORS®, which are separate business entities from NAR and operate independently. NAR otherwise denies the allegations in Paragraph 45 concerning NAR. NAR otherwise currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 45 and therefore denies them.

46.    NAR admits that it is a trade organization of real estate professionals with over 1.5 million members and that its members belong to one or more of approximately 1,200 local associations/boards and 54 state and territory associations of REALTORS®, which are separate business entities from NAR and operate independently. NAR otherwise denies the allegations in Paragraph 46 concerning NAR.

47.    NAR admits that it is a trade organization of real estate professionals with over 1.5 million members. NAR otherwise denies the allegations in Paragraph 47 concerning NAR. NAR otherwise currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 47 and therefore denies them.

48.     NAR admits that it is a trade organization of real estate professionals with over 1.5 million members and that its members belong to one or more of approximately 1,200 local associations/boards and 54 state and territory associations of REALTORS®, which are separate business entities from NAR and operate independently. NAR further admits that real estate brokers compete with one another and that Paragraph 48 purports to quote NAR's website. NAR also admits that it promulgates a Code of Ethics and certain model rules and policies in its Handbook on Multiple Listing Policy. NAR otherwise denies the allegations in Paragraph 48.

49.     NAR admits that it is a trade organization of real estate professionals with over 1.5 million members and that its members belong to one or more of approximately 1,200 local associations/boards and 54 state and territory associations of REALTORS®, which are separate business entities from NAR and operate independently. NAR further admits that certain local REALTOR® Associations own and operate certain MLSs. NAR otherwise denies the allegations in Paragraph 49 and footnotes 8-9 concerning NAR. NAR otherwise currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 49 and footnotes 8-9 and therefore denies them.

50.     NAR admits that Paragraph 50 purports to quote a statistic published by NAR. NAR otherwise currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 50 and therefore denies them.

51.     NAR admits that it is a trade organization of real estate professionals with over 1.5 million members and that its members belong to one or more of approximately 1,200 local associations/boards and 54 state and territory associations of REALTORS®, which are separate business entities from NAR and operate independently. NAR further admits that certain local REALTOR® Associations own and operate certain MLSs. NAR otherwise denies the allegations in Paragraph 51.

52.     NAR denies the allegations in Paragraph 52 concerning NAR. NAR otherwise currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 52 and therefore denies them.

53.     NAR admits that it is a trade organization of real estate professionals with over 1.5 million members and that its members belong to one or more of approximately 1,200 local associations/boards and 54 state and territory associations of REALTORS®, which are separate business entities from NAR and operate independently. NAR further admits that certain local REALTOR® Associations own and operate certain MLSs which promulgate their own rules and bylaws.  NAR further admits that it promulgates a Handbook on Multiple Listing Policy.  NAR otherwise denies the allegations in Paragraph 53.

54.     NAR admits that Paragraph 54 purports to reference the Handbook on Multiple Listing Policy. NAR otherwise denies the allegations in Paragraph 54 concerning NAR. NAR otherwise currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 54 and therefore denies them.

55.     NAR admits that its members belong to one or more of approximately 1,200 local associations/boards and 54 state and territory associations of REALTORS® which are separate business entities from NAR and operate independently. NAR further admits that certain local REALTOR® Associations own and operate certain MLSs. NAR otherwise denies the allegations in Paragraph 55.

56.     NAR admits that membership dues for 2019 were $150 and that there was a special assessment of $35 that year, and that some of its members conduct business in this District. NAR otherwise denies the allegations in Paragraph 56.

57.     NAR admits that its members belong to one or more of approximately 1,200 local associations/boards and 54 state and territory associations of REALTORS® which are separate business entities from NAR and operate independently. NAR further admits that certain local REALTOR® Associations own and operate certain MLSs. NAR otherwise denies the allegations in Paragraph 57 concerning NAR. NAR otherwise currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 57 and therefore denies them

**D.        On-MLS Sales, Off-MLS Sales and TAN.**

58.        NAR currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 58 and footnote 10 and therefore denies them.

59.        NAR admits that real estate agents can earn income through commissions. NAR otherwise denies the allegations in Paragraph 59 concerning NAR. NAR otherwise currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 59 therefore denies them.

60.        NAR denies the allegations in Paragraph 60.

61.        NAR denies the allegations in Paragraph 61.

62.        NAR denies the allegations in Paragraph 62.

63.        NAR admits that Paragraph 63 purports to quote a 2019 report by Midwest Real Estate Data. NAR otherwise denies the allegations in Paragraph 63.

64.        NAR admits that Paragraph 64 purports to quote a 2019 report by Midwest Real Estate Data. NAR otherwise denies the allegations in Paragraph 64.

65.        NAR denies the allegations in Paragraph 65.

66.        NAR admits that the Handbook on Multiple Listing Policy contains a mandatory section which requires "[a]t the time of filing a listing, participants and subscribers must include a property address available to other participants and subscribers, and if an address doesn't exist, a parcel identification number can be used. Where an address or parcel identification number are unavailable, the information filed with the MLS must include a legal description of the property sufficient to describe its location." NAR otherwise denies the allegations in Paragraph 66.

67.        NAR currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 67 therefore denies them

68.        NAR denies the allegations in Paragraph 68.

69.        NAR admits that Paragraph 69 purports to quote Midwest Real Estate Data. NAR otherwise denies the allegations in Paragraph 69.

70.        NAR currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 70 therefore denies them.

71. NAR currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 71 therefore denies them.

72. NAR currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 72 therefore denies them

73. NAR denies the allegations in Paragraph 73.

74. NAR admits that certain real estate agents can represent home sellers who prefer not to market their properties on an MLS. NAR otherwise denies the allegations in Paragraph 74.

75. NAR currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 75 therefore denies them.

76. NAR currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 76 therefore denies them.

77. NAR denies the allegations in Paragraph 77 concerning NAR. NAR otherwise currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 77 therefore denies them.

78. NAR currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 78 therefore denies them.

79. NAR currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 79 therefore denies them.

80. NAR denies the allegations in Paragraph 80.

## II.    NAR'S CLEAR COOPERATION POLICY.

### A.    NAR Relies on Subscription Fees from Unproductive Agents Who NAR Does Not Want Leaving the Industry.

81. NAR admits that Paragraph 81 purports to quote from and describe the report entitled "The D.A.N.G.E.R. Report: Definitive Analysis of Negative Game Changers Emerging in Real Estate." NAR otherwise denies the allegations in Paragraph 81.

82. NAR admits that Paragraph 82 purports to quote from and describe the report entitled "The D.A.N.G.E.R. Report: Definitive Analysis of Negative Game Changers Emerging in Real Estate." NAR otherwise denies the allegations in Paragraph 82.

83.     NAR admits that Paragraph 83 purports to quote from a 2020 NAR report. NAR otherwise denies the allegations in Paragraph 83.

84.     NAR denies the allegations in Paragraph 84.

85.     NAR denies the allegations in Paragraph 85 and footnote 11.

86.     NAR admits that Paragraph 86 and footnote 12 purport to quote from and describe the report entitled "The D.A.N.G.E.R. Report: Definitive Analysis of Negative Game Changers Emerging in Real Estate." NAR otherwise denies the allegations in Paragraph 86 and footnote 12.

87.     NAR admits that Paragraph 87 purports to quote from and describe the report entitled "The D.A.N.G.E.R. Report: Definitive Analysis of Negative Game Changers Emerging in Real Estate." NAR otherwise denies the allegations in Paragraph 87.

88.     NAR admits that Paragraph 88 and footnote 13 purport to quote from and describe the report entitled "The D.A.N.G.E.R. Report: Definitive Analysis of Negative Game Changers Emerging in Real Estate." NAR otherwise denies the allegations in Paragraph 88 and footnote 13.

89.     NAR denies the allegations in Paragraph 89.

**B.      NAR Adopts the Clear Cooperation Policy, Which Includes an Exception for "Office Exclusives."**

90.     NAR denies the allegations in Paragraph 90.

91.     NAR denies the allegations in Paragraph 91.

92.     NAR denies the allegations in Paragraph 92.

93.     NAR admits that Paragraph 93 purports to quote from and describe a September 20, 2019 MLS Technology and Emergency Issues Advisory opinion. NAR otherwise denies the allegations in Paragraph 93.

94.     NAR admits that Paragraph 94 purports to characterize and quote portions of the MLS Handbook on Multiple Listing Policy. NAR otherwise denies the allegations in Paragraph 94.

95.     NAR denies the allegations in Paragraph 95.

96.     NAR denies the allegations in Paragraph 96.

97.     NAR denies the allegations in Paragraph 97.

98.     NAR denies the allegations in Paragraph 98.

99.     NAR denies the allegations in Paragraph 99.

100.    NAR denies the allegations in Paragraph 100.

101.    NAR admits that it is more efficient and pro-competitive for listings to be included on an MLS. NAR otherwise denies the allegations in Paragraph 101.

102.    NAR admits that Paragraph 102 purports to characterize portions of its Handbook on Multiple Listing Policy. NAR otherwise denies the allegations in Paragraph 102.

103.    NAR denies the allegations in Paragraph 103.

104.    NAR denies the allegations in Paragraph 104.

105.    NAR admits that Paragraph 105 purports to characterize and quote portions of NAR's website as well as filings in this lawsuit. NAR otherwise denies the allegations in Paragraph 105.

106.    NAR denies the allegations in Paragraph 106 concerning NAR. NAR otherwise currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 106 and therefore denies them.

107.    NAR denies the allegations in Paragraph 107.

108.    NAR denies the allegations in Paragraph 108 concerning NAR. NAR otherwise currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 108 and therefore denies them.

109.    NAR denies the allegations in Paragraph 109 concerning NAR. NAR otherwise currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 109 and therefore denies them.

110.    NAR denies the allegations in Paragraph 110 concerning NAR. NAR otherwise currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 110 and therefore denies them.

**C.      The Policy's Implementation Has Placed TAN Into a Death Spiral.**

111.    NAR denies the allegations in Paragraph 111 concerning NAR. NAR otherwise currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 111 and therefore denies them.

112.    NAR denies the allegations in Paragraph 112.

113.    NAR currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 113 and footnote 14 and therefore denies them.

**D.    The Policy's Implementation Has Substantially Harmed Consumers, the Residential Real Estate Market, and Ancillary Markets.**

**a.    The Policy has failed to increase MLS use and has instead increased the use of "office exclusive" pocket listings, fracturing the market.**

114.    NAR denies the allegations in Paragraph 114.

115.    NAR denies the allegations in Paragraph 115 concerning NAR. NAR otherwise currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 115 and therefore denies them.

116.    NAR denies the allegations in Paragraph 116 and footnote 15 concerning NAR. NAR otherwise currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 116 and footnote 15 and therefore denies them.

117.    NAR currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 117 and therefore denies them.

118.    NAR denies the allegations in Paragraph 118 concerning NAR. NAR otherwise currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 118 and therefore denies them.

119.    NAR admits that Paragraph 119 purports to characterize data published by NAR. NAR otherwise denies the allegations in Paragraph 119.

120.    NAR denies the allegations in Paragraph 120 concerning NAR. NAR otherwise currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 120 and therefore denies them.

121.    NAR denies the allegations in Paragraph 121.

122.    NAR admits that Paragraph 122 purports to quote comments by former Chief Legal Officer Katie Johnson. NAR otherwise denies the allegations in Paragraph 122.

**b.    The Policy has reduced inventory held by marginal sellers.**

123.    NAR denies the allegations in Paragraph 123.

1  124. NAR denies the allegations in Paragraph 124.

2  125. NAR currently lacks knowledge and information sufficient to form a belief about

3 the truth of the allegations in Paragraph 125 and therefore denies them.

4  126. NAR denies the allegations in Paragraph 126.

5  127. NAR denies the allegations in Paragraph 127 concerning NAR. NAR otherwise

6 currently lacks knowledge and information sufficient to form a belief about the truth of the

7 allegations in Paragraph 127 and therefore denies them.

8    **c.**  **The Policy Increases Costs to Consumers.**

9  128. NAR denies the allegations in Paragraph 128.

10  129. NAR denies the allegations in Paragraph 129.

11  130. NAR admits that the residential real estate market involves consumers on both sides

12 of a transaction. NAR otherwise denies the allegations in Paragraph 130.

13    **d.**  **The Policy has reduced seller's ability to properly price a home, and to take advantage of available opportunities outside the MLS.**

14

15  131. NAR admits that an important aspect of residential real estate sales is appropriately

16 valuing the property. NAR otherwise denies the allegations in Paragraph 131.

  132. NAR denies the allegations in Paragraph 132.

17

18    **e.**  **The Policy Removes the Consumer's Choice to Maintain Privacy and Avoid the MLS.**

19  133. NAR admits that Paragraph 133 purports to quote unidentified comments and public

20 statements from NAR and certain members of its staff. NAR otherwise denies the allegations in

21 Paragraph 133.

22  134. NAR admits that MLSs typically require certain information about a listing to be

23 completed in order for a listing to appear on that MLS. NAR otherwise denies the allegations in

24 Paragraph 134 concerning NAR. NAR otherwise currently lacks knowledge and information

25 sufficient to form a belief about the truth of the allegations in Paragraph 134 and therefore denies

26 them.

27  135. NAR admits that sellers may have different considerations when listing his or her

28 home for sale. NAR otherwise denies the allegations in Paragraph 135.

1

      **f.**    **The Policy Reduces the Consumer's Choice in Agents.**

2

136.    NAR denies the allegations in Paragraph 136.

3

137.    NAR denies the allegations in Paragraph 137.

4

**III.**    **NAR'S ANTICOMPETITIVE ACTS HAVE CAUSED TAN INJURY IN VIOLATION OF THE ANTITRUST LAWS.**

5

6

    **A.**    **Relevant Market: Professional Real Estate Listing Services.**

138.    NAR denies the allegations in Paragraph 138.

7

139.    NAR denies the allegations in Paragraph 139.

8

140.    NAR denies the allegations in Paragraph 140.

9

141.    NAR denies the allegations in Paragraph 141.

10

142.    NAR denies the allegations in Paragraph 142.

11

143.    NAR denies the allegations in Paragraph 143.

12

    **B.**    **Geographic Areas.**

13

144.    NAR admits that real estate agents typically offer their services to clients within a geographic region or regions. NAR otherwise denies the allegations in Paragraph 144.

14

15

145.    NAR currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 145 and therefore denies them.

16

17

146.    NAR otherwise currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 146 and therefore denies them.

18

19

147.    NAR denies the allegations in Paragraph 147 concerning NAR. NAR otherwise currently lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 147 and therefore denies them.

20

21

22

          **FIRST CLAIM FOR RELIEF:**

23

    **VIOLATION OF SHERMAN ANTITRUST ACT, 15 U.S.C. § 1**

24

    **UNLAWFUL COMBINATION IN RESTRAINT OF TRADE**

25

148.    NAR incorporates by reference its responses to Paragraphs 1-147.

26

149.    NAR denies the allegations in Paragraph 149.

27

150.    NAR denies the allegations in Paragraph 150.

28

151.    NAR denies the allegations in Paragraph 151.

152.    NAR denies the allegations in Paragraph 152.

153.    NAR denies the allegations in Paragraph 153.

154.    NAR denies the allegations in Paragraph 154.

155.    NAR denies the allegations in Paragraph 155.

156.    NAR denies the allegations in Paragraph 156.

157.    NAR denies the allegations in Paragraph 157.

158.    NAR denies the allegations in Paragraph 158.

159.    NAR denies the allegations in Paragraph 159.

160.    NAR denies the allegations in Paragraph 160.

161.    NAR denies the allegations in Paragraph 161.

**SECOND CLAIM FOR RELIEF:**

**VIOLATION OF THE CARTWRIGHT ACT, BUS. & PROF. CODE § 16700
EXCLUSIVE DEALING**

162.    NAR incorporates by reference its responses to Paragraphs 1-161.

163.    NAR denies the allegations in Paragraph 163.

164.    NAR denies the allegations in Paragraph 164.

165.    NAR denies the allegations in Paragraph 165.

166.    NAR denies the allegations in Paragraph 166.

167.    NAR denies the allegations in Paragraph 167.

168.    NAR denies the allegations in Paragraph 168.

**THIRD CLAIM FOR RELIEF:**

**VIOLATION OF THE UNFAIR COMPETITION LAW, BUS. & PROF. CODE § 17200**

169.    NAR incorporates by reference its responses to Paragraph 1-168.

170.    NAR admits that Paragraph 170 purports to characterize Section 17200 of the California Business and Professions Code. NAR otherwise denies the allegations in Paragraph 170.

171.    NAR denies the allegations in Paragraph 171.

172.    NAR denies the allegations in Paragraph 172.

173.    NAR denies the allegations in Paragraph 173.

174.    NAR denies the allegations in Paragraph 174.

175.    NAR denies the allegations in Paragraph 175.

176.    NAR denies the allegations in Paragraph 176.

**FOURTH CLAIM FOR RELIEF:**

**INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**

177.    NAR incorporates by reference its responses to Paragraphs 1-176.

178.    NAR denies the allegations in Paragraph 178.

179.    NAR denies the allegations in Paragraph 179.

180.    NAR denies the allegations in Paragraph 180.

181.    NAR denies the allegations in Paragraph 181.

182.    NAR denies the allegations in Paragraph 182.

**PRAYER FOR RELIEF**

NAR denies any allegations following Paragraph 147 and denies that Plaintiff is entitled to any relief.

**<u>AFFIRMATIVE DEFENSES</u>**

**First Defense**

Plaintiff's claims are barred, in whole or in part, because it lacks standing to pursue its asserted claims and it has not suffered antitrust injury.

**Second Defense**

The NAR policy identified in Plaintiff's Complaint has a legitimate business justification.

**Third Defense**

The NAR policy and NAR conduct identified in Plaintiff's fourth amended complaint are lawful, justified, procompetitive, pro-consumer; are carried out in NAR's legitimate business interests; and constitute bona fide competitive activity, the benefits of which outweigh any alleged anticompetitive effects.

**Fourth Defense**

Plaintiff's claims are barred, in whole or in part, because, to the extent any damages do exist, they were caused by Plaintiff's failure to mitigate its damages.

**Fifth Defense**

Plaintiff's claims are barred, in whole or in part, because directly or through its principals, PLS participated in the alleged conspiracy.

**Sixth Defense**

Plaintiff's claims are barred, in whole or in part, because NAR's conduct was not the proximate cause of any damage or injury allegedly suffered by plaintiff.

**Seventh Defense**

Plaintiff's claims are barred, in whole or in part, because any injury to plaintiff was caused by its own conduct, representations, failure to protect its interests, or the conduct of third persons, and not by the actions of NAR.

**Eighth Defense**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**Ninth Defense**

Plaintiff's claims are barred, in whole or in part, by the applicable limitations period set out in contracts and/or agreements executed by Plaintiff.

**Tenth Defense**

Plaintiff's claims are barred, in whole or in part, because the equitable relief demanded by plaintiff would not further the public interest, public policy, or equity and would cause harm to third parties far beyond any benefit to plaintiff.

**RESERVATION OF DEFENSES AND AFFIRMATIVE DEFENSES**

NAR hereby gives notice that it intends to assert and rely upon any and all such other defenses and affirmative defenses that may become available or apparent as this action proceeds, and thus reserves the right to amend this Answer to assert such defenses.

\* \* \*

WHEREFORE, NAR respectfully requests that this Court:

1.      Dismiss the Fourth Amended Complaint with prejudice, and enter judgment in favor of NAR and against Plaintiff on all claims;

COOLEY LLP
ATTORNEYS AT LAW

1     2.     Award NAR its costs and expenses; and

2     3.     Grant such additional relief for NAR as this Court deems just and proper.

Dated: October 31, 2024          COOLEY LLP


By: */s/ Ethan Glass*
    Ethan Glass (Bar No. 216159)
    Beatriz Meija (Bar No. 190948)
    Samantha A. Strauss (Bar No. 301406)
    Georgina Inglis (*admitted pro hac vice*)
    Sarah M. Topol (*admitted pro hac vice*)


    QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
    William A. Burck (*admitted pro hac vice*)
    Michael D. Bonanno (*admitted pro hac vice*)

    *Attorneys for Defendant*
    *National Association of REALTORS®*